**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF
TEXAS TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| Russell Rothe | § § | CASE NO. 23-60493 |
| Debtor(s) | § § | Chapter 13 |

**TEXANA BANK, N.A.'S OBJECTION TO
CONFIRMATION OF CHAPTER 13 PLAN**

Now comes TEXANA BANK, N.A., hereinafter called "Claimant," by and through the undersigned attorney, and hereby objects to the confirmation of the debtor's Chapter 13 Plan (the "Plan"). In support of the Objection to Confirmation, the Claimant states as follows:

1. Claimant is a secured creditor and objects to the confirmation of the debtor's Chapter 13 plan.

2. Prior to the filing of his petition, Debtor executed three promissory notes payable to Claimant in the following amounts: $134,900.00 (Loan #1), $50,000.00 (Loan #2), and $75,000.00 (Loan #3). As collateral, Debtor granted Claimant a security interest in his real and personal property.

3. Debtor defaulted on its payment obligations to Claimant under Loans #1, Loan #2 and Loan #3.

4. On September 8, 2023, Claimant accelerated on Loan #1 and initiated foreclosure proceedings against the real property.

5. On October 3, 2023, Claimant was scheduled to conduct a foreclosure sale to recover the accelerated amount of $132,264.98 due under Loan #1.

6. On October 2, 2023, the debtor filed a petition in this case under Chapter 13 and the automatic stay prevented Claimant from conducting the October 3, 2023, foreclosure sale.

7. On or about November 30, 2023, Claimant filed a proof of claim showing the debtor owes $132,264.98, $42,910.00, and $52,745.24 under the respective promissory notes. The proof of claims were subsequently amended on December 7, 2023. [Docs. 12, 13, 14].

8. While Claimant acknowledges that some of its secured claims are to be collected outside the of the Plan, the Plan fails to provide full payment, with interest as to the accelerated amount due under Loan #1. The Plan only provides for payment of $9,500.00.

9. Claimant would show the plan is not feasible. The plan does not provide for payment of Claimant's secured claim amount of $132,264.98. The payment amount offered under the plan does not pay all of the prepetition debt that is owed by the debtors, pursuant to 11 U.S.C.A. § 1325.

10. Under 11 U.S.C.A. § 1325, the Plan shall provide for the full payment, in deferred cash payments, of all claims entitled to priority. The Claimant is a secured creditor entitled to priority as to the equity in the debtor's real property, pursuant to 11 U.S.C.A. § 507(b).

11. The Plan should be amended to provide for full payment, with interest, of the Claimant's secured claim, pursuant to 11 U.S.C.A. § 1325.

WHEREFORE, Claimant prays that the court deny confirmation of the Debtors' Chapter 13 plan and grant the Claimant any other relief the Court deems equitable and just.

Respectfully Submitted,
LANGDON✶DAVIS, LLP
Attorneys for Claimant/Creditor
By: /s/ Melissa G. McPherson
Melissa G. McPherson
SBN: 24062883
PO Box 1221
New Boston, TX 75570
(903)628-5571 phone
(903)628-5868 fax
lisam@ldatty.com &
mcphersonlaw22@gmail.com