IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RUSSELL ROTHE | § | CASE NO. 23-60493 |
| | § | CHAPTER 13 |
| | § | |
| DEBTOR | § | |

### ORDER DISMISSING CHAPTER 13 CASE
### WITH RETENTION OF JURISDICTION

On March 7, 2024, this Court entered an "Final Order Denying Confirmation of Chapter 13 Plan. The Court's sua sponte review of the file in this case reveals that while the Debtor diled an Amended Chapter 13 Plan after an initial denial of confirmation, the Debtor failed to achieve confirmation of said plan. The Court finds that the failure of the Debtor to achieve confirmation of a Chapter 13 Plan constitutes an unreasonable delay by the Debtors that is prejudicial to creditors and that such failure constitutes just cause for the dismissal of this case pursuant to 11 U.S.C. §1307(c).

The Court also recognizes that a Motion for Administrative Expenses, or an equivalent thereof, filed by the attorney for the Debtor(s) is currently pending before the Court; however, such request has not completed its required suspense period pursuant to the negative notice requirements under the Local Rules of Bankruptcy Procedure. That pending request requires further attention of this Court, notwithstanding the fact that just cause currently exists for the dismissal of this case. Accordingly, pursuant to the authority expressed in *Querner v. Querner (In re Querner),* 7 F. 3d 1199 (5th Cir. 1993), the Court finds that just cause exists for the following order.

**IT IS THEREFORE ORDERED** that the above-referenced Chapter 13 case is **DISMISSED** and that all Income Withholding Orders previously entered in this case are hereby terminated.

IT IS FURTHER ORDERED that, pursuant to 11 U.S.C. §1326(a)(2) and upon the issuance of the fee ruling by the Court, the Chapter 13 Trustee shall proceed with the distribution of any funds in his possession; that such funds shall first be applied to the payment of all approved administrative expenses, to be distributed on an equivalent basis until such time as a claim has been paid in full, unless a different distribution priority has been authorized under any prior order of the Court, and that any funds remaining in the Trustee's possession, following the full satisfaction of all allowed administrative expenses, shall be distributed to the Debtors.