IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Russell Rothe** | § | |
| xxx-xx-1633 | § | Case No. 23-60493 |
| 793 CR 1350, Quitman, TX 75783 | § | |
| | § | |
| Debtor | § | Chapter 13 |

## ORDER DISMISSING CHAPTER 13 CASE
## WITH PREJUDICE FOR 120 DAYS
## WITH RETENTION OF JURISDICTION

On March 7, 2024, came on for hearing the *Motion to Dismiss with Prejudice for 120 Days* (the "Motion") filed by the Chapter 13 Trustee, in the above-referenced case. The Court finds that appropriate notice of the Motion and the hearing was given according to the Federal and Local Rules of Bankruptcy Procedure. The Court further finds that this case should be dismissed for the reasons stated in the Motion. The Court also recognizes that a Motion for Administrative Expense, or an equivalent thereof, filed by Debtor's counsel is currently pending before the Court; however, such request has not completed its required suspense period pursuant to the negative notice requirements under the Local Rules of Bankruptcy Procedure. That pending request requires the further attention of this Court, notwithstanding the fact that just cause currently exists for the dismissal of this case. Accordingly, pursuant to the authority expressed in *Querner v.*

*Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993), the Court finds that just cause exists for the entry of the following order.

      **IT IS THEREFORE ORDERED** that the above-referenced Chapter 13 case is **DISMISSED WITH PREJUDICE** to the re-filing of any petition under Title 11 by Russell Rothe, the above-referenced Debtor(s), **for a period of one hundred twenty (120) days from the date of this Order;** provided, however, that this case shall remain open and the Court shall retain jurisdiction to entertain and to determine all requests for relief, whether raised *sua sponte* or by any party in interest, pertaining to the compensation to be paid to the Debtor's counsel, and to enter any order pertaining thereto which may be appropriate under the circumstances.

      **IT IS FURTHER ORDERED** that all Income Withholding Orders previously entered in this case are hereby terminated.

      **IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. §1326(a)(2), and upon the issuance of the fee ruling by the Court, the Chapter 13 Trustee shall proceed with the distribution of any funds in his possession in the following manner:

    (1)    the pre-confirmation adequate protection payments which have been previously tendered by the Debtor(s) to the Chapter 13 Trustee for the benefit of creditors holding an allowed claim secured by personal property retained by the Debtor(s) shall be forwarded to the applicable secured creditor(s) by the Chapter 13 Trustee in the monthly amount specified by

(2) funds thereafter remaining on deposit with the Chapter 13 Trustee, if any, shall first be applied to the payment of all approved administrative expenses, to be distributed on an equivalent basis until such time as a claim has been paid in full, unless a different distribution priority has been authorized under any prior order of the Court; and

(3) following the full satisfaction of all allowed administrative expenses, funds thereafter remaining on deposit with the Chapter 13 Trustee, if any, shall be distributed to the Debtor(s).

Signed on 03/07/2024

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE